## O'Hara v. City of Scranton

*A. L. Casey* and *Myron Pinkus*, for plaintiff.
*Jerome I. Myers* and *Alex S. Gorny*, for defendant.

LEACH, P. J., March 22, 1939.—Plaintiff claimed damages from the city, alleging that she was injured by the negligence of the city because she stumbled and fell to the ground by reason of coming in contact with a hole, depression, or other defect in the crosswalk of streets, and that the hole had existed for a long time, without stating how long a time. The accident occurred on April 29, 1938, and demand was sent to the Council of the City of Scranton by plaintiff's attorney on May 12th, which was duly filed with the city clerk. Plaintiff's statement was served on the city solicitor on September 15, 1938, less than six months after the date of the accident.

The city solicitor moved to strike off the statement of claim because of lack of averment of proper notice to the city, and because defendant did not file with the clerk or secretary of the municipality a notice in writing of such claim, stating briefly the facts upon which the claim was based.

Under the Act of July 1, 1937, P. L. 2547, an act was passed "Requiring all persons claiming damages from any county, city, borough, town, township or school district to file, within six (6) months from the origin of such claim, a written notice with such county, city, borough, town, township or school district." The act provides in substance that no cause of action shall be entered of record unless a notice in writing stating briefly the facts shall be filed within six months from its date in the office of the clerk or secretary of a municipality. A city of the second class has neither a clerk nor secretary of the municipality, although the council have a clerk and the mayor has a secretary.

It is provided by the act forming cities of the second class and second class A, of which Scranton is one, that the city solicitor shall be the legal advisor and act as attorney and counsel for the city in all its departments and offices. The title of the Act of 1937, supra, provides that notice shall be served upon a municipality within six months. Under the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, the intention of the legislature may be ascertained by considering the mischief to be remedied and the object to be attained. The mischief to be remedied was that of having stale claims brought against the city long after there was any chance for the city to secure witnesses, and the object to be attained was the giving of notice to the municipality in time to prepare a defense. This is done in a city of the second class A by filing a statement of claim within six months from the date of the negligence or accident with the city solicitor. This having been done in the case at bar, the motion on that ground is overruled.

There is more reason for the objection that the averment of notice in plaintiff's statement is a mere conclusion of law, and the statement is indefinite. It is charged that a certain hole, well described, existed for "a long time" and that plaintiff "did trip, stumble, and fall to the ground by reason of coming in contact with the hole, depression, *or other defect* in the crosswalk at the said streets." "A long time" to be under water would be five minutes, and would not be sufficient to charge a city with notice of the existence of a hole. If a definite time in months was stated, there could be no objection that the city did not have proper notice. Further, if plaintiff is claiming that she fell by reason of stepping into the hole or stumbling thereon, the statement should so claim. If she is claiming for other defects, they should be set forth.

March 22, 1939, the rule to strike off plaintiff's statement is made absolute and plaintiff is allowed 15 days to file a second amended statement.